Mr. Justice Mac Arthur
delivered the opinion of the court.
The plaintiff sues to recover damages for a personal injury caused by the alleged negligence of the defendant’s agent, while he was a passenger on one of its railway cars in the city of Washington. The accident occurred where 19th street forms a junction with Pennsylvania avenue. Upon arriving at this point, the plaintiff, while in the act of getting off the car, was thrown on the ground and had two of his i'ibs broken, and received some other injui’ies. The verdict was in favor of the plaintiff’ for two thousand dollars. The defendant moved for a new trial on the minutes of the judge, which having been argued by counsel, and the plaintiff having entered a remittitur of a thousand dollars from the verdict the motion was overruled. The defendant appealed to the General Term from the judgment, and for cause assigns the following :
1. The verdict of the jury was for the plaintiff' and for the sum of $2,000, and said judgment was. entered up and rendered for only $1,000.
2. The circuit court possessed no power to render a judgment against the defendant in this cause, except for the amount assessed against it by the jury, and such action of the court was null and void.
*17 The justice who tried the cause also entertained a motion on the minutes to set aside the verdict, and grant a newr trial for insufficient evidence and for excessive damages, but upon this motion there has been no decision. A case was then settled containing all the evidence. By section 806, R. S. D. C., a motion for a new trial on a case or bill of exceptions, is to be heard in the first instance at a General Term ; but the precedent section evidently contemplates, that a case shall not be settled, until there is a decison of the motion upon the minutes of the judge who entertained it below. The justice who tries the cause may in his discretion, entertain a motion to be made on his minutes, but the cause cannot properly come to the General Term until it is determined. When this has happened, and a case has been settled, the application for a new trial must be heard in the first instance at a General Term. It was evidently not intended by the legislature to have a cause argued here, in respect of which there was a similar application pending and undetermined in the court below. In a word, the motion cannot be made here, until it is disposed of by the justice before whom the cause was tried. However, the irregularity is not very material, and we have concluded that, as the cause has been fully argued, to dispose of it on the merits.
One of the grounds for a new trial is, that the verdict is based upon insufficient evidence. The motion in this regard is largely addressed to the discretion of the court, and the judgment will not be disturbed where there is any considerable testimony tending to support the verdict. The case contains the testimony of all the witnesses. The plaintiff was examined, and testified in substance, that on the 12th of November, 1875, he took passage on one of the defendant’s cars at the depot of the Baltimore & Ohio Railroad Company, in this city, to go to his home ; and that when the car reached 19th street, between five and six o’clock in the evening, he notified the conductor of the car that he was lame, and desired to get off'; that the conductor rang the bell and the car was stopped ; that he put his right foot on the *18 ground, and then the bell struck and the car was started with a jerk and threw him down. He swears that the conductorrang the bell when the car was about in the middle of 19th street, but that the stop was not made until they had passed beyond the west line of that street, and that he fell near the west side of 19th street at its junction with Pennsylvania avenue. At the time he went out of the ear he says there might have been two or three persons on the platform ; that he was picked up by Mr. Caldwell, who came to him first, and Mr. Frere, who came to him next. He further testified that he was lame in one of his legs, and walked with a cane, and the sight of one eye was considerably impaired. He was well advanced in life; that two of his ribs were broken by the fall, and that he was confined by his injuries for several weeks, having a physician. The plaintiff called two other witnesses and his physician, who corroborated him as to the circumstances attending the accident, and the extent and nature of his injuries. In behalf of the defendant, two or three witnesses, who were passengers in the car at. the same time, were examined to prove that the plaintiff' stepped from the car while it was in motion, without saying anything to the conductor. In this respect their statements differ from those of the plaintiff’s witnesses.
The defendant contended by way of defence that the plaintiff brought about his injury by his own carelessness, and it relied upon proof that, instead of waiting for the agents of the company to stop the car upon which he was riding, he undertook to get off while the car was in motion, and in the act fell and received his injuries.
The whole testimony being closed, the defendant asked the court to give the following instructions to the jury ; which was done accordingly :
1. One who is injured by the mere negligence of another cannot recover by law or in equity any compensation for his injury if he, by his own ordinary negligence or willful wrong, proximately contributed to produce the injury of which he complains, so that but for his concurring and co-operating fault, the injury would not have happened to him, except *19 where the more proximate cause of the injury is the omission of the other party, after becoming aware of the danger to which the former party is exposed, to use a proper degree of care to avoid injuring him.
2. If the jury find from the evidence that the plaintiff in this case got off the car while the car was in motion, he was guilty of contributory negligence, and the verdict must be for the defendant; and it is immaterial whether he asked the conductor to stop the car or not. If the jury find the fact to be that the plaintiff undertook to get off the car while the car was in motion, he was guilty of such negligence as will prevent him from a recovery.
3. In weighing the evidence in a case of this kind, the jury ought to remember that the plaintiff was testifying in his own behalf, and give his testimony such credit as it may be entitled to under all the circumstances.
There are no exceptions as to the admission of testimony, and none to the charge of the court to the jury. The question of contributory negligence was fairly put to the jury, and they have decided it adversely to the defendant. It was for them to determine the facts established by the testimony, and to pronounce upon the credit due to the witnesses. Negligence of the parties was the point in controversy, and this point has been settled by the verdict. The most that can be said in behalf of this motion, is, that the evidence is conflicting, but this affords no ground for a new trial. "We are of opinion that three witnesses, testifying for the plaintiff in substantial harmony, afford sufficient evidence to support the verdict in his favor.
The case is also made for the purpose of showing that the damages are excessive. The fact that the court required the damages to be reduced oné-half, and that the plaintiff submitted rather than incur the expense of a new trial, would seem to establish the conclusion that the damages, in the estimation of the court, if not on the part of the plaintiff himself, were excessive. There are certain cases in which the authorities are- uniformly in favor of a remittitur; that is, where the damages found by the jury exceed those claimed *20 by the declaration, the court will require the plaintiff to remit the excess, and enter judgment only for the balance. So where the damages are open and apparent, if the jury exceed what would be due to the plaintiff upon a fair computation, the court will order a remittitur instead of directing a new trial. This last class of cases occurs where the damages can be ascertained by mere computation as on a bond or promissory note or any other obligation where the amount can be reduced to a certainty. About the right of the court to require a remission in the class of cases just referred to there is no contrariety of opinion. When the damages are unliquidated and are said to rest exclusively in the judgment and discretion of the jury, as in cases of tort, the courts have decided differently. It has been determined often that the court has no right to adjudicate the measure of damages in such cases, that it is the sole province of the jury, and they having determined the measure of damages, the court cannot by an arbitrary exercise of authority alter it.
Decisions to this effect are found in Maine and Wisconsin and probably elsewhere. In other States, the courts have exercised the -right even in cases of unliquidated damages, of requiring the plaintiff to enter a remittitur down to what they considered a reasonable and fair compensation for injuries. This is done where the jury have evidently acted under some sentiment or feeling by wray of giving exemplary or punitive damages where they ought not to be allowed. This practice is observed in the States of New York and Ohio.
In this District, that power has been frequently exercised by the judge holding the Circuit Court;, and I believe this is the first instance it has been excepted to. Upon the conflict of authority which exists in the States upon this subject, we have thought that this practice may be adopted to a reasonable extent and to the mutual benefit of the parties and for the purpose of sustaining substantial justice in cases like the present. We, however, accompany this decision with very strong observations upon the caution which the judge ought to exercise where he requires a remission from the amount of a verdict. It should be only in a case where *21 the damages are clearly excessive and where the right of the plaintiff to recover is also established by competent and convincing testimony. Under these conservative circumstances we do not see why this practice may not properly prevail.
We have, therefore, come to the conclusion to overrule the motion for a new trial. The verdict was for two thousand dollars. The judgment was entered for that amount, subsequently the plaintiff filed this remittitur. We cannot say that one thousand dollars is excessive since the jury have decided that the plaintiff did not incur the injury by his own negligence, but by the fault of the railroad company. He is a man somewhat advanced in life, with two broken ribs, having been detained some weeks by the injury from his business and daily pursuits, and having suffered much at his period of life; and, although the surgeons, who were examined as experts, testify that a broken bone when once cemented is better and stronger than one that has never been subjected to fracture, yet I have great doubt whether any person will submit to that operation for the purpose of strengthening his ribs.
The motion is overruled on both points.